## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NINA SHAHIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 10-955-LPS |
| | : | |
| TIMOTHY GEITHNER, | : | |
| | : | |
| Defendant. | : | |

Nina Shahin, PRO SE, Dover, DE.

    Plaintiff

Charles M. Oberly, III, Esquire, United States Attorney and Jennifer Lynn Hall, Esquire, OFFICE OF THE UNITED STATES ATTORNEY, Wilmington, DE.

    Attorney for Defendant.

## MEMORANDUM OPINION

June 8, 2012
Wilmington, Delaware

STARK, U.S. District Judge:

## I.    INTRODUCTION

Plaintiff Nina Shahin ("Plaintiff") filed this action on November 9, 2010, followed by an Amended Complaint on May 10, 2011, alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA").[1]  (D.I. 2, 6)  Presently before the Court are Defendant's Motion to Vacate Order Granting Leave to Proceed In Forma Pauperis, Defendant's Motion to Dismiss for Improper Venue and Failure to State a Claim, and Plaintiff's Motions for Sanctions and Request for Counsel.  (D.I. 12, 17, 19, 21)  For the reasons that follow, the Court will grant in part and deny in part the Motion to Dismiss; will transfer the case to the United States District Court for the District of Columbia; will deny without prejudice to renew the Motion to Vacate the Order Granting Leave to Proceed In Forma Pauperis; will deny the Motions for Sanctions; and will deny without prejudice to renew the Request for Counsel.

## II.    BACKGROUND

Shahin has filed numerous lawsuits in this Court against different agencies of the State of Delaware alleging employment discrimination, after employment she sought did not come to fruition.  She now files similar complaints against a federal agency.

Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), asserting that the Internal Revenue Service of the Department of the Treasury ("IRS") discriminated against her by reason of national origin and age when she was denied the opportunity to compete for the position of Supervisory Tax Analyst.

---

[1]The Amended Complaint is identical to the original Complaint save for its last page titled, "Amendment to the Original Complaint Made on 05/09/2011."  (D.I. 6)

While the matter was pending before the EEOC administrative judge, Plaintiff amended her charge to add claims of discrimination based upon sex and retaliation. Plaintiff asserted another claim that she applied for the position of Tax Law Specialist with the IRS under another vacancy announcement. That claim was not addressed by the EEOC.

The Supervisory Tax Analyst position was filled internally by a Mexican-American male under the age of forty. Plaintiff was notified on March 13, 2010, via email, that she was "found to be ineligible and/or in reviewing your qualifications you did not meet the minimum education, experience requirements for this position." The IRS investigated Plaintiff's claims and found no discrimination. On September 21, 2010, the EEOC affirmed the IRS' finding of no discrimination.

The original Complaint alleges discriminatory failure to employ and other acts, while the amendment adds "charges of retaliation after the Defendant failed to respond in any way, shape or form to [Plaintiff's] application for another IRS position - Tax Law Specialist - . . . application made on the same date as the position that is the subject of this lawsuit." (D.I. 2, 6)  Following the September 21, 2010 EEOC decision, Plaintiff filed a charge of discrimination regarding the application for the Tax Law Specialist decision with the IRS but received no response. (D.I. 6)

Defendant moves for dismissal for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and for failure to state a claim upon which relief may be granted pursuant Rule 12(b)(6). (D.I. 17)  Plaintiff responded to the motion by filing two Motions for Sanctions, both of which address the issues raised in the Motion to Dismiss. (D.I. 19, 21)  Therein, she also requests counsel. Finally, Defendant moves to revoke Plaintiff's in forma pauperis status, a request opposed by Plaintiff. (D.I. 12)

2

III.   **LEGAL STANDARDS**

A.   **Rule 12(b)(6)**

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires

the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372

F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat

Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted).

Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded

allegations in the complaint as true, and viewing them in the light most favorable to plaintiff,

plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000)

(internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a

right to relief above the speculative level on the assumption that the allegations in the complaint

are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While heightened fact pleading

is not required, "enough facts to state a claim to relief that is plausible on its face" must be

alleged. *Twombly*, 550 U.S. at 570. At bottom, "[t]he complaint must state enough facts to raise

a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a

plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir.

2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion

Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported

3

conclusions and unwarranted inferences," *Schuylkill Energy Resources, Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

### B.     Venue

A court may dismiss a lawsuit for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). The court must determine whether venue is proper in accordance with the appropriate statutes. *See Albright v. W. L. Gord & Associates, Inc.*, 2002 WL 1765340, at *3 (D. Del. July 31, 2002) (citing *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 538 (6th Cir. 2002)). Venue generally must be established for each separate claim in a complaint. *See Stein v. Chemtex Int'l, Inc.*, 2004 WL 722252 (D. Del. Mar. 31, 2004). The moving party has the burden of proving that venue is improper. *Id.* (citing *Myers v. American Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982)).

## IV.     DISCUSSION

### A.     Failure to State a Claim Upon Which Relief May be Granted

The Court turns first to the issue of dismissal for failure to state a claim upon which relief may be granted. Defendant argues that Plaintiff has failed to state claims of national origin or age discrimination and retaliation.[2]

While not required to prove the elements of discrimination and retaliation at the pleading stage, a plaintiff must plead facts that "raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (internal citation omitted). The existence of a prima facie case of employment

---

[2]The motion does not address the issue of sex discrimination.

discrimination for failure to hire requires a showing that: (1) Plaintiff is a member of a protected class; (2) she sought and was qualified for a job for which the employer was seeking applicants; (3) despite her qualifications, she was rejected; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to Plaintiff's to fill the position.[3] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Sarullo v. United States Postal Serv.*, 352 F.3d 789 (3d Cir. 2003); *accord Iyer v. Everson*, 238 F. App'x 834 (3d Cir. Aug. 3, 2007) (not published). The Court liberally construes the Complaint as filed by Plaintiff, who proceeds pro se, and finds that the Complaint, with its attachments, adequately states a claim of employment discrimination.

Plaintiff, however, fails to state of claim of retaliation. To establish a prima facie case of retaliation, a plaintiff must show: (1) she engaged in protected activity; (2) the employer took a materially adverse action against her; and (3) there was a causal connection between the protected activity and the employer's action. *See LeBoon v. Lancaster Jewish Comty, Ctr. Ass'n*, 503 F.3d 217, 231 (3d Cir. 2007). Plaintiff alleges that the IRS did not respond to her application for the position of a Tax Law Specialist. This does not amount to retaliation. Significantly, there are no allegations that adverse action took place after Plaintiff engaged in protected activity. Nor are there allegations that individuals involved in the hiring process had any knowledge of protected activity taken by Plaintiff. Accordingly, the Court will grant Defendant's Motion to Dismiss the retaliation claim. The Court finds futility of amendment with regard to the retaliation

---

[3]The requirements for a *prima facie* case of Title VII sex and national origin discrimination and age discrimination under the ADEA are substantially the same. *See e.g., Stanziale v. Jargowsky*, 200 F.3d 101, 105 (3d Cir. 2000). The only material distinction is that for age discrimination, an individual is a member of a protected class if she is forty years of age or older. *See* 29 U.S.C. § 631.

claim.

### B.   <u>Venue</u>

Defendant moves for dismissal on the grounds that this District is the improper venue for Plaintiff's Title VII claims.[4]  Plaintiff responds that Defendant has tried to blur and confuse the issue of proper venue, either intentionally or for lack of competence and/or negligence.  Because she is not a former employee, Plaintiff questions how she should know the proper venue.

As discussed above, a court may dismiss a lawsuit for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).  Plaintiff raises employment discrimination claims pursuant Title VII and the ADEA.  Venue for Title VII claims is governed by 42 U.S.C. § 2002e-5(f)(3) and venue for ADEA claims is governed by the general venue statute, 28 U.S.C. § 1391.  Courts have consistently held that when an ADEA claim is presented simultaneously with a Title VII claim, the lawsuit must be filed in a judicial district where venue is proper for both claims.  *See Kravitz v. Institute for Intn'l Research, Inc.*, 1993 WL 453457, at *3 (E.D. Pa. Nov. 5, 1993).

Dismissal may occur pursuant to 28 U.S.C. § 1406(a) on the grounds that venue in a Title VII action is subject to the specific venue provisions of 42 U.S.C. § 2000e-5(f)(3).  In addition, this Court has the discretion pursuant to § 1406(a) to transfer the case to the appropriate district court.  If a case is filed in the wrong court, 28 U.S.C. § 1406(a) specifically provides that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

---

[4]The Court will dismiss the retaliation claim and amendment is futile.  Accordingly, the Court does not address the issue of the proper venue for the retaliation claim.

Section 2000e-5(f)(3) provides that a Title VII action may be brought in: (1) any judicial district in the State in which the unlawful employment practice is alleged to have been committed; (2) the judicial district in which the employment records relevant to such practice are maintained and administered; or (3) the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. Courts have determined that, for Title VII claims, Congress intended to "limit venue to the judicial district concerned with the alleged discrimination." *Stebbins v. State Farm Mut. Auto Ins., Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969). The venue provision is exclusive. *See Thurmon v. Martin Marietta Data Sys.*, 596 F.Supp. 367, 368 (M.D. Pa. 1984).

The following facts are relevant in determining the proper venue of the Title VII claims: (1) Plaintiff applied for the Supervisory Tax Analysis position with an employment location of Washington, D.C.; (2) the IRS office in Lowell, Massachusetts determined that Plaintiff did not meet the requirements for the position; (3) the selecting official, located in Washington, D.C., selected an internal applicant, and not Plaintiff, for the position; and (4) the records pertaining to the application and vacancy announcement are maintained and administered in the IRS office in Andover, Massachusetts. Notably, the alleged discrimination did not occur in Delaware, the employment records are not kept in Delaware, and the district wherein Plaintiff would have worked is not in Delaware. Thus, venue is not proper in this Court.

Having decided that venue is improper in this District, the Court must determine whether Plaintiff's case will be dismissed or transferred. If this case were dismissed, Plaintiff might face a

7

statute of limitations problem.  Therefore, the Court finds that although dismissal would be appropriate, transfer of this case is in the interest of justice.

Section 1406 states that if a transfer is made, it should be made "to any district or division in which [the case] could have been brought."  *Id.*  The Complaint could have filed in either the United States District Court for the District of Columbia or the United States District Court for the District of Massachusetts.  The District of Columbia is where Plaintiff would have worked had she been hired and where an alleged unlawful employment practice occurred.  The District of Massachusetts is where another alleged unlawful employment practice occurred and where the employment records are kept.

Neither party has indicated a preference for transfer to any particular district in which venue would be proper.  In the absence of requests from the parties, the Court finds that of these two districts, the District of Columbia would be the most convenient, and fair, for the parties and the witnesses.  The individual who hired another individual instead of Plaintiff is located in the District of Columbia and, had Plaintiff been hired, she would have worked in the District of Columbia.  In addition, Plaintiff's residence in the State of Delaware is closer in proximity to the District of Columbia than it is to the District of Massachusetts.  Therefore, in the interest of justice, the Court will transfer this action to the District of Columbia.

## V.    **MISCELLANEOUS MOTIONS**

Plaintiff moves for Rule 11 sanctions against defense counsel.  (D.I. 19, 21)  Plaintiff takes exception to the Motion to Dismiss filed by counsel and, therefore, believes sanctions are appropriate.  Defendant opposes the motion.

The Court has reviewed Plaintiff's motions and finds them frivolous.  Defense counsel

8

took no action to warrant the imposition of sanctions. Accordingly, the Court will deny Plaintiff's motions.

Defendant moves to vacate the order granting Plaintiff leave to proceed in forma pauperis and Plaintiff requests counsel. (D.I. 12, 21) The Court will deny both motions without prejudice to renew.

## VI.  **CONCLUSION**

For the above reasons, the Court will grant in part and deny in part the Motion to Dismiss. (D.I. 17) The Court will dismiss the retaliation claim and finds that amendment of the claim is futile. In addition, the Court will deny the Motions for Sanctions (D.I. 19, 21) and will deny without prejudice to renew the Motion to Vacate the Order Granting Leave to Proceed In Forma Pauperis (D.I. 12) and the Request for Counsel (D.I. 21). Finally, the Court will transfer the case to the United States District Court for the District of Columbia.

An appropriate Order follows.

9