UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NINA SHAHIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-1060 (RJL) |
| | ) | |
| JACOB J. LEW, | ) | |
| | ) | |
| Defendant.[1] | ) | |

**FILED**

**MAR 23 2015**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION

(March 19, 2015) [Dkt. # 49]

This matter is before the Court on Defendant's Motion for Summary Judgment, [Dkt. # 49]. For the reasons discussed below, the motion will be GRANTED and plaintiff's case will be DISMISSED with prejudice.[2]

## BACKGROUND

Plaintiff is a female citizen of the United States, see Mem. of P. & A. in Support of Def.'s Mot. for Summ. J., [Dkt. #49-1] ("Def.'s Mem."), Ex. K ("Pl.'s Dep.") at 5:18, who "was born[,] raised and educated in Ukraine," Pl.'s Dep. at 6:13-16, and who at all times relevant to the complaint was more than 40 years of age, see id. at 6:1-9.

---

[1] The current Secretary of the Treasury, Jacob J. Lew, is substituted as a party under Rule 25(d) of the Federal Rules of Civil Procedure.

[2] In light of the Court's ruling on defendant's motion for summary judgment, Plaintiff's Motion for Summary Judgment [Dkt. #52], will be DENIED as MOOT. Plaintiff's Motion for Sanctions Against Attorney Representing the Defendant, Under Rule 11(b)(1) and (3) [Dkt. #59], is meritless and it, too, will be DENIED.

1

Generally, she alleges that she applied, but was not selected, for a Supervisory Tax Analyst position with the Internal Revenue Service ("IRS") because of her national origin, sex, and age. *See* Am. Compl. ¶¶ 10-11 [Dkt. #6]. She brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* Am. Compl. ¶ 1.

In February 2009, the IRS posted a Vacancy Announcement for the position of Supervisory Tax Analyst in Wage & Investment, Customer Assistance Relationship & Education, Media & Publications, Tax Forms & Publications, TE/GE and Specialty Forms and Publications, Special Products, in Washington, D.C. *See* Def.'s Mem., Ex. A (Job Announcement Number 09AN3-WIE0080-0501-IR-04) at 1-2 [Dkt. #49-3]. This posting was directed at external candidates; the IRS also posted an internal Vacancy Announcement for this same position, listing the same application requirements. *See* Def.'s Mem., Ex. A at 2-3; *see also* Def.'s Mem., Ex. J (referencing Announcement # 40-41-9MPT042) [Dkt. #49-3].

A Supervisory Tax Analyst is "a first level supervisor with managerial responsibilities and authorities for oversight and direction of program and administrative activities that involve [IRS-wide] financial standards, policies, and procedures for revenue financial operations and reporting." Def.'s Mem., Ex. A at 1-2. Among other qualifications, the applicant must "have at least one year of specialized experience equivalent to the GS-13 level in a position close to the work of this job that has given [the applicant] the particular knowledge, skills, and abilities to successfully perform." Def.'s

2

Mem., Ex. A at 3. The applicant must submit, in addition to her resume, "a narrative statement addressing the technical and leadership competencies" listed in the Vacancy Announcement. Def.'s Mem., Ex. A at 4. The Vacancy Announcement advised applicants that they would not be considered for the position if they failed to submit the narrative statement addressing the competencies specified in the job posting. Def.'s Mem., Ex. A at 4.

Plaintiff applied for the Supervisory Tax Analyst position in February 2009, Def.'s Mem., Ex. B (Hilaire Decl. dated Oct. 27, 2011) ¶ 3 [Dkt. #49-3], by submitting a one-page resume online, Def.'s Mem., Ex. D (resume) [Dkt. #49-3], see Pl.'s Dep. at 17:12-13. Plaintiff's resume indicated that she earned a Master's Degree in Taxation in 2003, a Master's Degree in Accounting in 1995, and a Bachelor's Degree in Accounting in 1991. Def.'s Mem., Ex. D; see Pl.'s Dep. at 11:5-21. It further indicated that plaintiff spoke Russian. Def.'s Mem., Ex. D. Plaintiff's work experience consisted of two positions: she managed a free tax preparation site from January 2008 through April 2008, and she was a tax consultant from January 2005 through September 2005. Def.'s Mem., Ex. D; see also Pl.'s Dep. at 8:22-9:14. The application did not include a narrative statement.[3]

"[B]ased on the documentation that was submitted with her application," the Agency determined that plaintiff "did not meet the minimum education [and] experience requirements for the position." Def.'s Mem., Ex. B ¶ 4; see Def.'s Mem., Ex. E (Notice

---

[3] According to plaintiff, "the Web site was malfunctioning" in such a way that it "truncated [her] resume and provided only the last two employments and cut out all the rest." Pl.'s Dep. at 17:12-16. Moreover, she neither explains what "other relevant employment was simply cut out and disregarded," Pl.'s Opp'n ¶ 1, nor demonstrates how the alleged computer malfunction amounts to unlawful discrimination, see Pl.'s Dep. at 17:7-25.

of Rating to plaintiff from External Employment Section III, IRS, dated Mar. 13, 2009). Specifically, plaintiff "did not have at least one full year of full-time work experience as a Tax Analyst or [in a] related position at the next lower level to the Supervisory Tax Analyst IR-04 on her resume." Def.'s Mem., Ex. B at 2. The Human Resources Specialist who reviewed plaintiff's application averred that her "application material . . . did not include any information regarding [her] national origin and/or age," and that the "qualification determination [was not] based on [plaintiff's] national origin and/or age." Def.'s Mem., Ex. B at 2.

Although some of the external candidates were found eligible for the position, none was ultimately selected. Def.'s Mem., Ex. L at 5. The selecting official instead chose "an internal applicant for the position." Def.'s Mem., Ex. B ¶ 4. The successful candidate, whose application included a narrative statement addressing the technical and leadership competencies set forth in the Vacancy Announcement, was a Mexican-American male under 40 years of age. *See generally* Def.'s Mem., Ex. I (Promotion Certificate dated Mar. 29, 2009). He had been hired as a Tax Law Specialist in the Tax Forms and Publications Division in 2001, had held a position in the Special Products Section of the TE/GE & Specialty Forms & Publications Branch, had worked as a Tax Analyst from 2006 until his selection for the Supervisory Tax Analyst position in 2009, and had served as a Supervisory Tax Analyst for short periods in 2003, 2004, 2007 and 2008. *See generally* Def.'s Mem., Ex. J (Management Selection Program Vacancy Application) at 1. The external "[V]acancy [A]nnouncement number 09AN3-WIE0080-0501-IR04 was cancelled because the selecting official selected an internal IRS applicant

4

for the position," Def.'s Mem., Ex. B at 4, and plaintiff was notified of the cancellation, Def.'s Mem., Ex. H (Letter to Applicant from External Employment Section III).

Thereafter, plaintiff filed an Equal Employment Opportunity ("EEO") complaint, alleging employment discrimination on the basis of her age and national origin. Am. Compl. Ex. at 1. On April 2, 2010, the Agency issued a final decision, denying plaintiff's claims. Am. Compl. Ex. at 1. On April 27, 2010, plaintiff filed an appeal with the EEOC, challenging the Agency's finding. Am. Compl. Ex. at 1. On September 21, 2010, the EEOC affirmed the agency's final decision and denied plaintiff's discrimination claims. Am. Compl. Ex. at 1. Plaintiff commenced the instant action on November 9, 2010. *See* Compl. [Dkt. #2]. Presently before the Court are the parties' Cross-Motions for Summary Judgment.

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact either cannot be, or is, genuinely disputed must support its assertion by "citing to particular parts of materials in the record, including depositions, documents . . . affidavits or declarations, stipulations . . ., admissions, [or] interrogatory answers[, or by] showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "If a party fails to properly support an assertion of fact or fails to properly address another party's

5

assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e).

When considering a motion for summary judgment, the Court may not make credibility determinations or weigh the evidence; the evidence must be analyzed in the light most favorable to the nonmoving party, with all justifiable inferences drawn in her favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "If material facts are at issue, or, though undisputed, are susceptible to divergent inferences, summary judgment is not available." *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009) (citation omitted). The mere existence of a factual dispute does not bar summary judgment. *See Anderson*, 477 U.S. at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* In the case of employment discrimination claims, "bare allegations of discrimination are insufficient to defeat a properly supported motion for summary judgment." *Burke v. Gould*, 286 F.3d 513, 520 (D.C. Cir. 2002). The adverse party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and cannot rely on conclusory assertions without any factual basis in the record to create a genuine dispute. *See Ass'n of Flight Attendants - CWA v. U.S. Dep't of Transp.*, 564 F.3d 462, 465-66 (D.C. Cir. 2009).

## DISCUSSION

Where a defendant has "asserted a legitimate, non-discriminatory reason for the challenged [employment] decision," and the matter comes before the Court on summary judgment, it must resolve one question:

> Has the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of . . . sex[] or national origin?

*Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 493, 494 (D.C. Cir. 2008). The same approach is taken with regard to a claim of age discrimination. *See Barnett v. PA Consulting Group, Inc.*, 715 F.3d 354, 358 (D.C. Cir. 2013) ("We consider [plaintiff's] age and sex discrimination claims in the same way we analyze Title VII claims."). Defendant's burden is only one of production, and he "need not persuade the court that [he] was actually motivated by the proffered reasons." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). Plaintiff at all times bears the burden of persuasion to show that the defendant's proffered reason for the adverse employment action was not the true reason for the decision. *Id.* at 256; *see id.* at 253 (noting that, once the defendant adduces sufficient evidence to support a nondiscriminatory rationale for its decision, a plaintiff has an "opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination").

Pretext may be established "directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.* at 256; *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (same). "Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it can be quite persuasive." *Reeves*, 530 U.S. at 147 (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 517 (1993)); *see also Aka v. Wash. Hosp. Ctr.*, 156 F.3d 1284, 1290 (D.C. Cir. 1998) (en banc) ("[A] plaintiff's discrediting of an employer's stated reason for its employment decision is entitled to considerable weight.").

Defendant submits that it "identified the specific requirements for the [Supervisory Tax Analyst] position" and determined that, based on plaintiff's one-page application, she failed to meet those qualifications. *See* Def.'s Mem. at 10. Thus, defendant argues, plaintiff "has failed to produce any evidence upon which a reasonable jury could find that the IRS's asserted legitimate, non-discriminatory reasons for finding her unqualified, and subsequently cancelling the external [Vacancy Announcement] and selecting [another candidate] were in fact a pretext for discrimination." *Id.*

Plaintiff responds first by disputing defendant's assessment of her past work experience. *See* Pl.'s Objections to the Def.'s Mot. for Summ. J., ("Pl.'s Opp'n") ¶ 1 [Dkt. #51]. While defendant calculates her past periods of employment as 11 months, plaintiff counters that she "had more than 12 months of . . . relevant employment." *Id.* Such a miscalculation in her view is "nothing short of intentional chicanery." *Id.* In

8

addition, plaintiff assesses the relative value of her educational background compared to that of the successful internal candidate. *See id.* ¶ 3. According to plaintiff, defendant's conclusion that her two Master's degrees and CPA certification did not meet the minimum education qualification for the position "is nothing short of intentional falsification of basic facts in order to perpetuate discrimination." *Id.*[4] Plaintiff further asserts that defendant's decision to "clos[e] the selection process to only internal candidates after [she] raised a question of falsifications and discrimination indicate[s] that the . . . selection process is flawed, discriminatory . . . and is inherently unfair." *Id.* ¶ 4. Lastly, plaintiff deems "laughable" defendant's "[c]laim that nobody at IRS knew that [she] was of national origin other than American." *See id.* ¶ 5. Because her resume indicates "that her other language is Russian[, o]nly the blind could not see and only intentionally that fact can be overlooked." *See id.* None of these unsupported assertions demonstrate that a discriminatory reason more likely motivated her prospective employer or that defendant's proffered explanation is unworthy of credence.

Even if plaintiff had a full year of work experience prior to submitting her application for the Supervisory Tax Analyst position, she presents no evidence to show

---

[4] Plaintiff also deems the selection process "unfair in view of two opposite determinations of [her] qualifications" for positions for which she applied in 2003 and 2009. *See* Pl.'s Opp'n ¶ 4. Her complaint refers to alleged discriminatory acts occurring on March 13, 2009, *see* Am. Compl. ¶ 5, when "she was denied the opportunity to compete for the position of Supervisory Tax Analyst IR-501-04/4 advertised under Vacancy Announcement (VA) No. 09AN3-WIE0080-0501-IR-04," Am. Compl. Ex. (EEOC Decision) at 1. Because none of the events that occurred in 2003 are mentioned in the Amended Complaint, they are not relevant to this action. Nor does the Court address alleged discrimination or retaliation with regard to a second position for which plaintiff applied – Tax Law Specialist (GS-0987-13) – "on the same date as the position that is subject to this lawsuit. *See* Am. Compl. Ex. at n.1 (noting that a claim pertaining to her application for a Tax Law Specialist position under another vacancy announcement was not accepted for investigation by the EEOC).

9

that her work experience was equivalent to that of a GS-13 level employee in a closely related field (e.g., Tax Analyst, Revenue Financial Management, and Tax Law), or that she was otherwise qualified for the position. *See* Def.'s Mem., Ex. A at 3 ("[An applicant's] resume must show that [she] ha[s] at least one year of specialized experience equivalent to the GS-13 level in a position close to the work of this job."). Contrary to plaintiff's assertion, an e-mail she received "indicat[ing] that [she] didn't meet minimal educational and experience standards" is not by itself evidence that defendant "definitely discriminated against [her]." *See* Pl.'s Dep. at 16:8-10. Nor can plaintiff rest on mere speculation that the person who selected the successful candidate "is guilty of discrimination" simply because the selected candidate had an Associate degree in accounting and a Bachelor's degree in business administration. *See id.* at 16:13-15.

"It is not enough for the plaintiff to show that a reason given for a job action is not just, or fair, or sensible." *Pignato v. Am. Trans Air, Inc.*, 14 F.3d 342, 349 (7th Cir. 1994). The Court simply may not "'second-guess an employer's personnel decision absent demonstrably discriminatory motive.'" *Fischbach v. District of Columbia Dep't of Corr.*, 86 F.3d 1180, 1182 (D.C. Cir. 1996) (quoting *Milton v. Weinberger*, 696 F.2d 94, 100 (D.C. Cir. 1982)). Aside from bare allegations of discrimination, plaintiff fails to produce any evidence from which a reasonable jury could find that the non-discriminatory reason defendant proffers for its actions was not the actual reason for its employment action and that defendant instead intentionally discriminated against plaintiff on the basis of her sex, age, or national origin. Defendant's motion for summary judgment therefore will be granted.

## CONCLUSION

Accordingly, for all of the foregoing reasons, defendant's Motion for Summary Judgment is GRANTED. An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge